IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| JOE "J.R." DEHERRERA; | ) | |
| JOE GRIEGO; | ) | |
| JENNIFER JOHNSON; | ) | |
| SCOTT JOHNSON; and | ) | |
| TOM LARK; | ) | |
| on behalf of themselves, individually, | ) | |
| and on behalf of all others similarly | ) | |
| situated, | ) | Civil Action No. |
| | ) | |
|     Plaintiffs, | ) | |
| v. | ) | FLSA and state law |
| | ) | wage and hour collective and |
| DECKER TRUCK LINES, INC. | ) | class action |
| | ) | |
|     Defendants. | ) | |

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

---

Plaintiffs, JOE (hereinafter "J.R.") DEHERRERA, JOE GRIEGO, JENNIFER

JOHNSON, SCOTT JOHNSON, and TOM LARK, (the "representative Plaintiffs"), on

behalf of themselves, individually, and on behalf of all of those similarly situated (the

"Plaintiffs"), through undersigned counsel at the Sawaya & Miller Law firm, make the

following allegations in support of this Collective and Class Action Complaint, brought

pursuant to the federal Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*,

("FLSA"); the Colorado Wage Act, C.R.S. §§ 8-4-101, *et seq.*; and Colorado Minimum

Wage Order Nos. 27-29, 7 C.C.R. § 1103-1. (The Colorado Wage Act, along with the

referenced Colorado Minimum Wage Orders, are referenced below as the "Colorado Wage and Hour Law"):

## BACKGROUND AND FACTUAL ALLEGATIONS FOR ALL CLAIMS

1.      Plaintiffs are current or former employees—as defined by 29 U.S.C. § 203(e), and the Colorado Wage and Hour Law—within the last three years, of Defendant Decker Truck Line, Inc., ("Decker" or "the Company") in Fort Collins, Colorado.

2.      Representative Plaintiffs J.R. Deherrera and Jennifer Johnson are current employees of Decker. All other Plaintiffs and representative Plaintiffs are former employees of Decker.

3.      Decker is an Iowa corporation that does business within the State of Colorado.

4.      On information and belief, Decker has entered into contractual agreement(s) with the New Belgium Brewing Company ("New Belgium") to perform trucking services for New Belgium within Fort Collins, Colorado.

5.      New Belgium is a Colorado-based manufacturer of beer and other products, which manufactures its products within the area of Fort Collins, Colorado.

6.      New Belgium operates a brewery in Fort Collins which is located approximately five miles away from a warehouse it also operates in Fort Collins.

7.     On information and belief, Decker has contracted with New Belgium for Decker to be paid to transport New Belgium's beer and other products from its Fort Collins brewery to and from its Fort Collins warehouse.

8.     All Plaintiffs' work for Decker has consisted of them driving Decker trucks back and forth between the New Belgium brewery and its warehouse.

9.     The trip that the Plaintiffs make or have made is approximately five miles in length, one way.

10.     All of the deliveries which are the subject of this action occur between the two New Belgium locations within Fort Collins, Colorado.

11.     After delivering the New Belgium product to the warehouse, the Plaintiffs drive the trucks back to the brewery to obtain another load of New Belgium product for delivery to the warehouse.

12.     The Plaintiffs make no other deliveries and drive no other routes during their scheduled work for Decker.

13.     During more than the last two year time period, all Plaintiffs have worked, or are currently working, as intra-state Decker truck drivers in positions that should be classified as hourly non-exempt employees of Decker, subject to the overtime wage payment requirements of the FLSA and Colorado Wage and Hour Law.

14.     Decker, however, has improperly and uniformly applied a policy of treating all Plaintiffs as being exempt or otherwise not covered by those overtime wage payment requirements.

15.     Decker has improperly and uniformly treated all Plaintiffs as over-the-road *inter*state truckers subject to an exclusion from the above referenced requirement to pay the Plaintiffs the time-and-a-half overtime rate for work over 40 hours per work week.

16.     Decker further, as a uniform policy, required all Plaintiffs to clock in 15 minutes per day before the commencement of each of their scheduled 12 hour shifts to prepare for and/or to perform their initial work activities, but Decker has not and does not pay all Plaintiffs for such time worked off-the-clock.

17.     Decker has used a schedule which has all Plaintiffs work during three days of a work week for a purported 12 hour shift each day (plus the 15 minutes of off-the-clock work, described immediately above); followed the next work week by having Plaintiffs work during four days for a purported 12 hour shift each day (plus the same additional 15 minutes of off-the-clock work).

18.     Additionally, under Colorado Wage and Hour Law, Decker has not provided all Plaintiffs with rest breaks for 10 minutes of duty-free time during each four hours of their work.

19.     All Plaintiffs have been required to work or be available for work during their meal break times, and have been paid straight time wages for such work.

20.     In a 12 hour (plus 15 minutes) shift, all Plaintiffs are entitled to three 10 minute duty-free rest breaks under Colorado Wage and Hour Law.

21.     When any of the Plaintiffs work over 40 hours during a work week, they have been entitled to be paid at the time-and-a-half rate for their overtime under both the FLSA and under the Colorado Wage and Hour Law.

22.     Decker does not and has not paid any of the Plaintiffs for their overtime work at time-and-a-half wage rates. Nor has Decker paid any of the Plaintiffs for their straight time or overtime for a) the 15 minutes a day that they have been required to clock in to perform preparatory or initial work activities in advance of their scheduled driving shifts; or 2) their rest periods that should have been provided, but have not been.

23.     Decker's actions in failing to pay Plaintiffs for all their hours worked at the proper rate of pay has been willful, under both the FLSA and under the Colorado Wage and Hour Law.

## PARTIES

24.     All representative Plaintiffs, named above, are residents of the state of Colorado, and have worked for Decker as a truck driver in Fort Collins, Colorado during the last three years.

25.     All representative Plaintiffs are over the age of eighteen (18) years.

26.     This action is being brought, inter alia, under the FLSA, and each representative Plaintiff has signed a consent form to join in this lawsuit, copies of which have been filed contemporaneously with the Court.

27.     Members of the Collective and Class Action are defined as all truck drivers who have worked for Decker during the last three years in Fort Collins, Colorado, and whose job consisted of driving back and forth between the New Belgium Brewing brewery and its warehouse in Fort Collins, Colorado.

28.     Defendant, Decker, is an Iowa corporation, with a principal office address of 4000 5th Ave. South, Ft. Dodge, Iowa 50501.

29.     Decker does business within the state of Colorado by operating truck deliveries within the area of Fort Collins, Colorado.

## JURISDICTION

30.     Decker is subject to the FLSA because it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(r) and (s)(1). Defendants are engaged in the interstate conduct of business, and do and have done more than $500,000 in business in each of the years at issue in this lawsuit.

31.     Under 28 U.S.C. § 1331, this Court has original jurisdiction to hear this Complaint and to adjudicate the stated claims. This action is being brought under the FLSA and Colorado Wage and Hour Law.

32.     This Court has supplemental jurisdiction over the Colorado state law claims in this Complaint under 28 U.S.C. § 1367. Those state claims derive from the same common core of operative facts as the federal claims.

33.     The Court has personal jurisdiction over Decker because it is qualified to do business in Colorado with the Colorado Secretary of State, and does business within the state of Colorado.

34.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants operate out of a facility in Fort Collins, Colorado, and all of the events giving rise to all Plaintiffs' claims have occurred and presently are occurring in this district.

35.     Plaintiffs bring this action on behalf of themselves and all other similarly situated Decker drivers to obtain declaratory and injunctive relief and recover unpaid wages and overtime, liquidated damages, penalties, attorneys fees and costs, pre- and post-judgment interest, and any other remedies to which they may be entitled based on Decker's violation of the FLSA and Colorado State Wage and Hour laws.

**FIRST CLAIM FOR RELIEF: FLSA COLLECTIVE ACTION CLAIM FOR ALL TIME WORKED IN A WORK WEEK AT THE PROPER STRAIGHT TIME AND OVERTIME PAY RATES**

36.     All Plaintiffs, by this reference, incorporate the allegations set out in paragraphs 1-35, as if they were set out fully here.

37.     The representative Plaintiffs bring this Claim for Relief on behalf of themselves, individually, and on behalf of all other Decker drivers, similarly situated, as a collective action under the FLSA.

38.     All Plaintiffs' work activities for Decker are and have been non-exempt work under the FLSA; and for any and all time worked by all Plaintiffs, or to be credited to all Plaintiffs, during a work week, all Plaintiffs are entitled to pay at their straight time rate for work under and up to 40 hours or work per work week, and at time-and-a-half their straight time wages for all work performed over 40 hours per work week.

39.     Decker has not paid Plaintiffs for all of their time worked under the FLSA because it has not paid Plaintiffs for the 15 minutes of daily off-the-clock work described above.

40.     Decker has not properly paid all Plaintiffs for all of their time worked under the FLSA because it does not pay all Plaintiffs for work over 40 hours a week at Plaintiffs' time-and-one-half rate.

8

41.     To the extent Decker does pay Plaintiffs, it has paid Plaintiffs at straight time rates for any and all work time that it credits to Plaintiffs, and not at the properly calculated straight time and overtime rates.

42.     Decker's uniform policies of wrongfully paying only straight time wages for work performed over 40 hours in a week, and of requiring the Plaintiffs to perform 15 minutes of unpaid off-the-clock work, and/or preparation for work, in advance of their shifts are and have been willful violations of §§ 203, 206, 207, 216 *inter alia,* of the FLSA.

43.     As a result of Defendant's violation of the FLSA, all Plaintiffs, past and present, have suffered damages by failing to receive appropriate wages for all hours worked, including overtime and straight time, in an amount to be determined at trial, and are entitled to the recovery of such amounts, liquidated damages, pre- and post-judgment interest, their reasonable attorneys' fees, costs, and such other compensation and legal remedies; and additionally, such declaratory and injunctive or other equitable relief, as the law allows.

## SECOND CLAIM FOR RELIEF: COLORADO WAGE AND HOUR LAW CLAIM FOR ALL TIME WORKED IN A WORK WEEK AT THE PROPER STRAIGHT TIME AND OVERTIME PAY RATES

44.     All Plaintiffs, by this reference, incorporate the allegations set out in paragraphs 1-43, as if they were set out fully here.

45.     All Plaintiffs work activities for Decker is and has been non-exempt work under the Colorado Wage and Hour Law; and for any and all time worked by all Plaintiffs, or to be credited to all Plaintiffs during a work week, all Plaintiffs are entitled to pay at their straight time rates for work up to 40 hours of work per work week, and at time-and-a-half for all of work performed over 40 hours per work week.

46.     Decker has not paid all Plaintiffs for all of their time worked under the Colorado Wage and Hour Law because it does not pay Plaintiffs for the 15 minutes of off-the-clock work, and/or preparation for work, described above.

47.     Decker also has not paid Plaintiffs for all of their time worked under the Colorado Wage and Hour Law because it does not provide Plaintiffs with 10 minute duty-free paid rest breaks for each four hours of work Plaintiffs performed.

48.     For example, when Plaintiffs work their four day 12 hour shifts as scheduled by Decker (without counting either the 15 minutes of off-the-clock work or the unpaid rest breaks described above), Decker has paid the Plaintiffs at straight time rates for the entire 48 hours of work during the work week, and has not paid for eight of those hours at the Plaintiffs' time-and-a-half pay rate.

49.     Each shift that all Plaintiffs worked should also have included pay for the 15 minutes that each Plaintiff was required by Decker to check in to work before the scheduled time for their 12 hour shift.

50.     Under applicable Colorado Wage and Hour Law, all Plaintiffs have been entitled to a paid 10 minute duty-free rest period for each four hour period worked during their shift.

51.     Because Decker has required all Plaintiffs to work through their lunch breaks, but pays them for that time, all Plaintiffs have worked at or more than three full four hour periods during each work shift.

52.     All Plaintiffs have been entitled to three paid 10 minute rest periods per 12 hour shift worked, but Decker has never provided or paid for such rest breaks.

53.     The proposed class satisfies the numerosity, commonality, typicality, adequacy and superiority requirements of Fed. R. Civ. P. 23.

54.     The class satisfies the numerosity standard because it involves scores of former employees and employees who, on information and belief, are now located both inside and outside of Colorado, which makes joinder of all members impracticable.

55.     The class meets the commonality requirement because questions of law or fact that are common to the class predominate over any questions affecting individual members. The questions of law and fact common to the class include but are not limited to the following:

(a).     Whether Decker failed to pay the Plaintiffs at the overtime rate for all hours worked by the Plaintiffs over 40 hours per week.

(b).     Whether Decker failed to pay the Plaintiffs the applicable agreed upon rate of pay, and/or overtime rate for 15 minutes of work, and/or preparation for work, performed before the beginning of the Plaintiffs' scheduled shifts.

(c).     Whether Decker failed to provide and/or pay, at the applicable agreed upon rate of pay and/or overtime rate, for a 10 minute paid rest break for each 4 hours worked by the Plaintiffs during their shift.

(d).     Whether Decker's actions and violations of the Colorado Wage and Hour Law were willful.

(e.)    Whether Decker failed to act in good faith or with reasonable grounds to believe that its acts or omissions were not a violation of the Colorado Wage and Hour Law.

56.     The representative Plaintiffs' claims are typical of the class because they have been employed in the same or similar driver position, performed the same or similar work duties, and have been subject to the same unlawful pay policies and practices as the class.

57.     The class satisfies the commonality requirement because Decker is expected to raise common defenses to these uniform claims and the pay policies and practices complained of herein.

58.     The representative Plaintiffs will fairly and adequately protect the interests of the class, and they have retained counsel experienced and competent in handling wage and hour class action litigation.

59.     Prosecuting this action on behalf of each class member individually may result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class and would substantially impair or impede individual class members' ability to protect their interests.

60.     Decker has acted or refused to act on grounds that apply generally to the class, and therefore final injunctive relief or declaratory relief is appropriate with respect to the class as a whole.

61.     Maintaining this lawsuit as a class action is superior to litigating each individual class member's claim separately and will result in a fair and efficient adjudication of this controversy.

62.     At this time, plaintiffs do not have any information that suggests that any class member has an interest in individually controlling the prosecution of his or her claim(s). It is unlikely that individual class members will want to prosecute his or her claim(s) individually, considering the value of each claim and the difficulty of bringing individual litigation against his or her employer or former employer. However, if any such class member wants to prosecute his or her claim individually, he or she may "opt

out" of the litigation upon receipt of the class action notice in this case pursuant to Fed. R. Civ. P. 23(c)(2).

63.     The Court has the resources and ability to effectively manage this class action.

64.     At all relevant times, the representative Plaintiffs and similarly situated Decker drivers are entitled to the rights, benefits and protections provided under the Colorado Wage and Hour Law because they were employees performing labor or services for the benefit of Decker.  Colo. Rev. Stat. §8-4-101(4), 7 CCR 1103-1.

65.     Decker is subject to the wage and overtime payment requirements of the Colorado Wage and Hour Law because it is a corporation that employs persons in Colorado. Colo. Rev. Stat. §8-4-101(5), 7 CCR 1103-1.

66.     Decker had policies and practices that resulted in the Plaintiffs not being paid the agreed upon rate of pay and overtime for all time worked including work activities performed at the start of their work shift and for state law mandated rest breaks, which were uniformly denied to Plaintiffs.

67.      These policies and practices were uniformly applied to all Plaintiffs.

68.     By implementing and enforcing these policies and practices, Decker failed to pay the Plaintiffs for all hours worked at the agreed upon rate and overtime rate as required by the Colorado Wage Act, Colo. Rev. Stat. §§8-4-101, *et seq.* and 8-6-115, Colorado Minimum Wage Orders, 7 CCR 1103-1.

69.     These policies and practices also resulted in Decker failing to fully and accurately record the hours worked by the Plaintiffs in violation of Colo. Rev. Stat. §8-4-103(4).

70.     Decker willfully violated its legal obligations to pay for all straight and overtime hours worked by the Plaintiffs because it knew and/or recklessly disregarded that the Plaintiffs were not paid at the overtime rate for work performed over 40 hours a week; that it required the Plaintiffs to perform 15 minutes a shift of unpaid off-the-clock work and/or preparation for work; and that it neither granted nor paid for a 10 minute rest break for the Plaintiffs for every 4 hours of work

71.     Because Decker's actions were willful, Plaintiffs' claims for relief are subject to a three-year statute of limitations, pursuant to Colo. Rev. Stat. §8-4-122.

72.     Decker failed to act in good faith or with reasonable grounds to believe that its acts or omissions were not a violation of the Colorado Wage and Hour Law, and as a result, Plaintiffs are entitled to penalties under the law.

73.     As a result of Decker's violation of the Colorado Wage and Hour Law, all Plaintiffs have suffered damages by failing to receive appropriate wages for all hours worked, in an amount to be determined at trial, and are entitled to the recovery of such amounts, liquidated damages, penalties, pre- and post-judgment interest, their reasonable attorneys' fees, costs, and such other compensation and legal remedies, and additionally, such declaratory and injunctive or other equitable relief, as the law allows.

**PRAYER FOR RELIEF**

WHEREFORE, the representative Plaintiffs, and the Plaintiffs, who will opt into this action pursuant to § 216(b) of the FLSA, and/or the Plaintiffs who are described within the Rule 23 definition of any class certified by the Court, pray for the following relief:

A.     Certification of a collective and class action, and any necessary subclasses pursuant to § 216(b) of the FLSA and Rule 23, to be described as the hourly non-exempt employees of Decker, employed at and within the State of Colorado, and who drove Decker trucks between the New Belgium manufacturing facility and its warehouse, within three (3) years of the filing of this Complaint;

B.     That, at the earliest possible time, Plaintiffs be allowed to give Notice of this action, or that the Court issue such Notice, to all persons who have at any time during the three (3) years preceding the filing of this action, up through and including the date of this Court's issuance of Court-supervised Notice, been employed, as immediately described above, by Decker. Such Notice shall inform such employees or former employees that this civil action has been filed and of the nature of the action, and of their right to opt into this lawsuit if they were not paid by Defendants for all hours worked or to which they were entitled, or they were not paid at least time and half their regular rate for all hours worked in excess of 40 hours in a work week at any time during the preceding three (3) years;

C.     That all Plaintiffs be awarded damages for the up to three (3) years preceding the filing of this Complaint in the amount of their respective unpaid compensation,

16

including wages, overtime compensation, plus an equal amount of liquidated and penalty damages;

D.     That the Court issue such injunctive and/or declaratory or other equitable relief to which the Plaintiffs may be entitled, so that the unlawful behavior of the Defendant may be stopped;

E.     That all representative Plaintiffs be granted an incentive award, as deemed reasonable by the Court;

F.     That the Plaintiffs be awarded their reasonable attorneys fees;

G.     That the Plaintiffs be awarded the costs and expenses of this action; and

H.     That the Plaintiffs be awarded such other legal and/or equitable relief as is permitted by law.

**JURY DEMAND**

All Plaintiffs demand that this matter be tried to a jury.

Respectfully submitted, this 18th day of September, 2013.

s/ David H. Miller
David H. Miller
SAWAYA & MILLER LAW FIRM
1600 Ogden Street
Denver, CO 80218
Telephone: 303-839-1650
FAX: 720-235-4377
Email: DMiller@sawayalaw.com
Attorney for Plaintiffs


Plaintiffs' addresses:

J.R. Deherrera
3741 Garfield Ave
P.O. Box 157
Wellington, CO

Joe Griego
327 Riva Ridge Dr.
Ft. Collins, CO 80526

Jennifer Johnson
3398 White Buffalo Dr.
Ft. Collins, CO  80549

Scott Johnson
3398 White Buffalo Dr.
Ft. Collins, CO 80549

Tom Lark
P.O.Box 219
Nunn, CO 80648