IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02556-RM-KLM

JOE DEHERRA, also known as Joe "J.R." Deherra,
JOE GRIEGO,
JENNIFER JOHNSON,
SCOTT JOHNSON, and
TOM LARK, on behalf of themselves, individually, and on behalf of all others similarly situated,

      Plaintiffs,

v.

DECKER TRUCK LINE, INC.,

      Defendant.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the parties' **Joint Motion to Stay Discovery and to Equitably Toll the Applicable Statutes of Limitations** [#20] (the "Motion to Stay") and on the parties' proposed **Civil Scheduling Order** [#21] (the "Scheduling Order"), erroneously filed as a motion.  In the Motion to Stay, the parties ask the Court to stay discovery in this case until after the District Judge has ruled on the pending Motion to Dismiss for Lack of Jurisdiction [#14] (the "Motion to Dismiss").

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending.  *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted));

-1-

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with discovery and the potential prejudice to the plaintiffs of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at

*2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, staying discovery would not prejudice Plaintiffs as they jointly seek this stay.  The Court finds that the first *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the second factor, the Court finds that Defendant has not demonstrated that proceeding with the discovery process presents an undue burden.  However, Defendant is correct that proceeding will be wasteful if the District Judge grants the Motion to Dismiss [#14].  The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed.  *See Chavous*, 201 F.R.D. at 5 (stating that staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings].").

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case, except for putative opt-in plaintiffs.  Their interests may be protected, however, by tolling any applicable statute of limitations.  Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.  Avoiding wasteful efforts by the Court clearly serves this interest.  Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending

resolution of Defendant's Motion to Dismiss [#14] is appropriate.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#20] is **GRANTED**.

IT IS FURTHER **ORDERED** that all discovery is stayed pending resolution of Defendant's Motion to Dismiss [#14].

IT IS FURTHER **ORDERED** that any applicable statute of limitations is **TOLLED** for putative opt-in plaintiffs as of the date of the filing of the Motion to Stay, i.e., January 2, 2014.  The tolling shall continue through and including the date the District Judge issues an Order on the pending Motion to Dismiss [#14].

IT IS FURTHER **ORDERED** that the Scheduling Conference set for January 8, 2014 at 10:30 a.m. is **VACATED**.  It shall be reset, if necessary, after resolution of the Motion to Dismiss [#14].

IT IS FURTHER **ORDERED** that the parties shall file a joint status report within ten days of the ruling on the Motion to Dismiss [#14].

IT IS FURTHER **ORDERED** that the Scheduling Order "motion" [#21] is **DENIED as moot**.

DATED: January 6, 2014 at Denver, Colorado.

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge