IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02556-RM-KLM

JOE "J.R." DEHERRERA; JOE GRIEGO;
JENNIFER JOHNSON; SCOTT JOHNSON;
TOM LARK; on behalf of themselves,
Individually, and on behalf of all others
similarly situated,

    Plaintiffs,

v.

DECKER TRUCK LINE, INC.

    Defendant.

---

## PROTECTIVE ORDER

---

The Court grants the parties' Joint Motion for Protective Order in the above-captioned

matter and hereby Orders as follows:

    1.    This Protective Order shall apply to all documents, materials, and information

produced, given, or exchanged by and among the parties to this action, and to or from New

Belgium Brewing Co., currently a non-party to this action,, including without limitation,

documents produced, answers to interrogatories, responses to requests for admission, deposition

testimony, deposition exhibits, and other information disclosed pursuant to the disclosure or

discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided by Fed. R.

Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this

term.

3.     Any person who provides, serves, discloses or files any document or information in connection with this civil action, and who in good faith believes such document or information contains nonpublic personal information (including, but not limited to, social security numbers or bank account numbers), private medical information, confidential or proprietary business information (including, but not limited to, business plans or strategies or marketing plans) or other information implicating proprietary interests of either the Plaintiffs,Defendant, or relevant non-parties may designate such documents or information as "Confidential." The documents or information so designated shall be deemed "Confidential Material" subject to this Protective Order.

4.     Confidential Material shall be subject to the following restrictions. Confidential Material shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and not for any other purpose whatsoever, and shall not, without the consent of the party producing it or further Order of the Court, be disclosed in any way to anyone except those specified in this paragraph:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at other proceedings in this case;

(c) the named parties, and their current or former employees;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case who

2

execute the attached Exhibit A;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

(g) Opt-in plaintiffs and third-party deponents who execute the attached Exhibit A, but only to the extent that such opt-in plaintiffs' or third-party deponents' testimony is directly related to the information or documents designated as Confidential Material and is necessary for the preparation of testimony of such witnesses in depositions, trial, or other hearings in this matter, or the examination of such witnesses at any of the foregoing proceedings.

5.      No Confidential Material shall be disclosed to the individuals identified in paragraphs 4(d) and 4(g) of this Order until such individuals first sign an agreement with respect to the confidentiality of such information in the form attached hereto as Exhibit A. Prior to disclosing any Confidential Material to any individual listed in paragraph 4(d) or 4(g) above, the party or its counsel shall provide such person with a copy of this Protective Order and have such person execute a copy of Exhibit A acknowledging that he or she has read this Protective Order and agreed to be bound by its provisions. All such acknowledgments shall be retained by each party or its counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by the opposing party.

6.      **D.C.Colo.L.CivR 7.2 Requirement**. A stipulated protective order or a confidentiality agreement executed by the parties, standing alone, will not suffice for restricting public access to Confidential Material, will not substitute for the showing required under D.C.Colo.L.CivR 7.2(c), and will not be binding on the court. Any Confidential Material that a

party asserts should not be part of the public record pursuant to this Protective Order shall be filed by the filing party as a restricted document. The document shall be restricted for 14 days. If no motion to restrict is filed within 14 days, the document shall be automatically unrestricted. Any motion to seal or restrict public access shall comply with D.C.Colo.L.Civ.R. 7.2.

7.      This Protective Order shall not prohibit or restrain any party from performing the tasks necessary to prepare for trial; however, any disclosure or communication of the information covered by this Protective Order, except as specifically allowed by this Protective Order for the purposes of this litigation only, is strictly prohibited. The object of this Protective Order is that none of the information revealed in connection with such protections be used for any purpose other than in relation to this litigation and that no one be allowed to use any information produced pursuant to this order in connection with any other issue, dispute, litigation or charge against any of the parties, whether currently pending or in the future.

8.      No reproduction of information disclosed in reliance on this Protective Order is authorized, except to the extent copies are required to prepare the case for trial. All copies, excerpts, or summaries made, shown, or given to those authorized hereby and according to the provisions hereof shall be stamped to indicate the protected and confidential nature of the disclosed information. Review of Confidential Material by counsel, experts or consultants for the litigation will not constitute any waiver of the confidentiality of the document or of any objections to production. The inadvertent, unintentional or *in camera* disclosure of Confidential Material shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

9.      Counsel to the parties are required to advise, instruct and supervise all associates,

4

staff and employees of counsel to keep designated Confidential Material confidential in the strictest possible fashion. Counsel and the parties also agree to such treatment of the information by themselves, and counsel will appropriately instruct their clients as to the protected nature of the information produced pursuant to this order and the limitations on its use and disclosure.

10.     Documents are designated as Confidential Material by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER."

11.     Whenever a deposition involves the disclosure of Confidential Material, the deposition or portions thereof shall be designated as Confidential and subject to this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. The cover page, those portions of the original transcripts that contain confidential material shall bear the legend "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," and shall be bound separately from the non-confidential portions of the transcript. Any deposition exhibits designated Confidential shall also be bound separately.

12.     A party may object to the designation of particular documents as Confidential Material by giving written notice to the designating party within thirty (30) days of receiving such documents. The written notice shall identify the information to which objection is made. If the parties cannot resolve the objection through conferral, it shall be the obligation of the party

designating the documents as Confidential Material to file, within ten (10) business days

following receipt of the written objection to the designation, an appropriate motion requesting

that the Court determine whether the disputed information should be subject to the terms of this

Protective Order.  If the party designating the documents as Confidential Material fails to file

such a motion within the prescribed time, the disputed material shall lose its designation as

Confidential Material and shall not thereafter be treated as Confidential Material in accordance

with this Stipulated Protective Order.  If such a motion is filed, the disputed information shall be

treated as Confidential Material under the terms of this Protective Order until the Court rules on

the motion. In connection with any motion filed under this provision, the party designating the

information as confidential shall bear the burden of establishing that good cause exists for the

disputed information to be treated as Confidential Material.

13.     Except as necessary for counsel to comply with applicable ethical rules or policies

of insurance, within thirty (30) days after the conclusion of this case, unless other arrangements

are agreed upon, each document and all copies thereof designated as Confidential Material shall

be returned to the party that designated the material as Confidential Material, or the parties may

elect to destroy confidential documents. Where the parties agree to destroy Confidential

Material, the destroying party shall provide all parties with an affidavit confirming the

destruction. All documents designated as Confidential Material shall be maintained as

Confidential during the thirty (30) day period following the conclusion of the case.

14.     In the event that any Confidential Material is used in any court filing or court

proceeding in this action, or any appeal therefrom, counsel shall confer in good faith on such

procedures as are necessary to protect the confidentiality of such material including, but not

6

limited to, redacting confidential information before filing or before use in a court proceeding, requesting the Court to hear counsel with respect to such information in camera, and filing such Confidential Material with Court as a restricted document and pursuant to a motion to restrict, in accordance with D.C.Colo.LCivR 7.2 and Paragraph 6, above.  .

15.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

16.    Nothing in this Protective Order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that the party or other person believes to be improper. Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of Confidential Material.

Dated this *22ⁿᵈ* day of *October*, 2014.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02556-RM-KLM

JOE "J.R." DEHERRERA; JOE GRIEGO;
JENNIFER JOHNSON; SCOTT JOHNSON;
TOM LARK; on behalf of themselves,
Individually, and on behalf of all others
similarly situated,

    Plaintiffs,

v.

DECKER TRUCK LINE, INC.

    Defendant.

---

### EXHIBIT A TO PROTECTIVE ORDER – CONFIDENTIALITY AGREEMENT

---

I, _____(please print), the undersigned, being duly sworn, hereby acknowledge that I have read the Protective Order issued by the Court in the above captioned civil action and I understand the terms and conditions of such Protective Order governing the restricted use of information and materials obtained from the Parties and provided to me for the sole purposes of the above captioned action, and hereby agree to keep all such information and materials strictly and absolutely confidential, and in all other respects to be bound by the terms of the Protective Order. I further submit irrevocably to the jurisdiction of the United States District Court for the District of Colorado for the resolution of any disputes arising from my execution of this agreement.

    My current address and telephone number is:   _____

                                         _____

                                         _____

    I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____

                                         _____
                                         Signature

8