**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13-cv-02556-RM-KLM

JOE DEHERRERA, (aka Joe "J.R." Deherrera), JOE GRIEGO,
JENNIFER JOHNSON, SCOTT JOHNSON and TOM LARK,
on behalf of themselves individually and all those similarly situated,

Plaintiffs,

v.

DECKER TRUCK LINE, INC.,
a Louisiana corporation

Defendant.

___

**ORDER RE UNOPPOSED MOTIONS TO RESTRICT (ECF Nos. 53, 59)**
___

THIS MATTER is before the court on defendant Decker Truck Lines' Unopposed Motions to Restrict Access (ECF Nos. 53 and 59) a certain exhibit filed in support of plaintiffs' Response to defendant's Motion for Summary Judgment. The Motion is unopposed by the parties and no objection has been filed by any nonparty.

Pursuant to D.C.COLO.LCivR 7.2, a motion to restrict public access to documents filed with the Court must: (1) identify the documents for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought.

In this case, a Level 1 restriction is sought for Exhibit 2 to plaintiffs' Response (ECF No.54). Defendant identifies the interests to be protected as the privacy interests of a third party (New Belgium Brewing Company), with regard to its proprietary, confidential and trade secret information contained in deposition testimony that was previously designated by defendant as confidential, in accordance with this court's Protective Order (ECF No.45). Defendant represents that such interests outweigh the presumption of public access and, if access is not restricted, New Belgium Brewing Company may be unfairly prejudiced.

Having reviewed the documents at issue, I find that the New Belgium Brewing Company's privacy interests cannot be adequately protected by the redaction of their information contained in Exhibit 2 due *inter alia,* to the volume of that information. Accordingly, it is therefore

ORDERED that defendant's Motion (ECF No.53) is DENIED as moot pursuant to the court's previous Minute Order (ECF NO.57), and defendant's Motion (ECF No.59), is GRANTED as to Exhibit 2; access to Exhibit 2 hereby has a Level 1 restriction.

IT IS SO ORDERED

DATED this 10th day of June, 2015.

                                          BY THE COURT:

                                          RAYMOND P. MOORE
                                          United States District Judge